**SO ORDERED.**

**SIGNED August 22, 2014.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
            UNITED STATES BANKRUPTCY COURT
             WESTERN DISTRICT OF LOUISIANA


IN RE:

CENTRAL LOUISIANA GRAIN COOPERATIVE, INC.,      CASE NO. 08-80475
------------------------------------------------------------------
ADRIAN NICHOLS, ET AL,

VERSUS                                       ADVERSARY NO. 09-08007

CENTRAL LOUISIANA GRAIN COOPERATIVE,
INC., ET AL

------------------------------------------------------------------
                        MEMORANDUM RULING
------------------------------------------------------------------
```

The present matter before the court is a partial motion for summary judgment filed by Admiral Insurance Company. Admiral contends that its insurance policy does not cover claims based on the debtor's refusal to honor the plaintiff's request to redeem their patronage interests in the debtor. Admiral's motion does not address claims asserted against the officer and director defendants

based on allegations of self dealing and breaches of fiduciary duty independent of the redemption dispute.

**BACKGROUND**

This action was originally filed in the 9th Judicial District Court ("JDC") in Rapides Parish, Louisiana on November 29, 2007. Plaintiffs were members of the debtor, Central Louisiana Grain Cooperative, Inc. (the "Co-op"). The Co-op and former officers and directors of the Co-op (the "D&O Defendants") were named in the 9th JDC suit. The Co-op filed for relief under Chapter 7 of the Bankruptcy Code on April 10, 2008. The 9th JDC case was subsequently removed to bankruptcy court by Thomas R. Wilson, the duly-appointed Chapter 7 trustee of the Co-op (the "Trustee"). The complaint was amended, and the Third Amended Complaint named two additional D&O Defendants. Plaintiffs allege that the Co-op and the D&O Defendants failed to timely pay the plaintiffs the value of their patronage interests in the Co-op. The Third Amended Complaint also alleges that the D&O Defendants breached their fiduciary duties to the plaintiffs by interfering in the contractual relationships between the Co-op and the plaintiffs. Plaintiffs allege that the D&O Defendants were "all participating members of the defendant Co-op and all stand to derive economic benefits from the breach of the contract and legal relationship between the Co-op" and the plaintiffs. (Third Am. Compl. at ¶ 22).

-2-

Plaintiffs further allege that the D&O Defendants are liable for the Co-op's actions under an alter ego theory. (Id. at ¶ 24). The Third Amended Complaint also names the Co-op's two D&O insurance providers – Admiral and Monitor Insurance Co. – pursuant to the Louisiana Direct Action Statute.[1] Admiral issued Nonprofit Management Liability Policy No. 3707511/1 effective September 6, 2006 to September 7, 2007 (the "2006-2007 Policy").[2] This policy insured the Co-op and "any past, present or future duly elected or appointed directors, trustees, officers, [and] employees" of the Co-op. This policy is the focus of Admiral's motion.

## DISCUSSION

Admiral contends that certain claims in the Third Amended Complaint are not covered under the 2006-2007 Policy because, while the claims were first made during the policy period, the claims were not reported to Admiral within the time frame set forth in the policy. The 2006-2007 Policy is a "claims-made-and-reported" policy. Coverage under a claims-made-and-reported policy is triggered when a claim is made during the policy period and

---

[1] The court granted summary judgment dismissing Monitor as a defendant.

[2] A copy of the 2006-2007 Policy is included as Exhibit C to the Affidavit of Lisa Chonarzewski ("Chonarzewski Aff."), which was filed in support of the motion for partial summary judgment at Docket No. 144. The

-3-

reported to the insurer during the policy term or, as in the case here, during an extended reporting period after the policy lapses. See <u>First American Title Insurance Co. v. Continental Casualty Co.</u>, 709 F.3d 1170, 1173-75 (5th Cir. 2013); <u>In re Complaint of Settoon Towing, LLC</u>, 720 F.3d 268 (5th Cir. 2013). An injured third party cannot maintain an action under Louisiana's Direct Action Statute with respect to a claims-made-and-reported policy if the claim was not reported within the time period set forth in the policy. <u>First American Title Insurance Co.</u>, 709 F.3d at 1177.

The 2006-2007 Admiral policy provides:

> This **Policy** shall pay on behalf of the **Insureds** all **Loss** that the **Insureds** shall become legally obligated to pay, arising from any **Claim** first made against the **Insureds** during the **Policy Period** and reported to the **Insurer** in writing during the **Policy Period**, the Automatic Extended Reporting period, or the Extended Reporting Period (if applicable), for any **Wrongful Act**.

(Chonarzewski Aff., Exhibit C at ¶ I). The policy further provides for an extended reporting period during which claims made during the policy period can be reported up to sixty (60) days following the expiration of the policy. (<u>Id</u>. at ¶ II(D)). The policy provides that a claim "shall be deemed to have been first made at the time notice of the Claim is first received by *any* Insured." (<u>Id</u>. at ¶ III(A)). With respect to multiple claims, the policy provides that:

-4-

> All **Claims** based upon or arising out the same **Wrongful Act** or any **Related Wrongful Acts**, or one or more series of any similar, repeated or continuous **Wrongful Acts** or **Related Wrongful Acts**, shall be considered a single **Claim**. Each **Claim** shall be deemed to be first made at the earliest of the following times:
>
> 1. when the earliest **Claim** arising out of such **Wrongful Act** or **Related Wrongful Acts** is first made, or
>
> 2. when notice pursuant to section VII.B. above of a fact, circumstance or situation giving rise to such **Claim** is given.

(Id. at ¶ VII(C)). A "Wrongful Act" is defined by the policy as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act...." (Id. at ¶ III(O)). "Related Wrongful Acts" are defined by the policy as "Wrongful Acts" which are "logically or causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision." (Id. at ¶ III(M)).

Admiral contends that any of the claims in the Third Amended Complaint against the D&O Defendants that are based on the Co-op's refusal to redeem the plaintiffs' membership interests were first made during the term of the 2006-2007 Admiral policy. Specifically, Admiral points to a July 25, 2007 letter from plaintiffs' counsel to counsel for the Co-op. In this letter, plaintiffs' counsel states:

-5-

> As for a practical matter, I can wait no longer. Please forward to me the financial statements of the corporation for the periods occurring after the periods covered by the records sent to William Ford. I would also like to have details on all patronages redeemed since your correspondence to William Ford. In a nutshell, ***the corporation and its officers and directors have a fiduciary duty to Adrian Nichols and the other shareholders at issue, and the corporation, in my opinion, is not entitled to forever retain the currently captured earnings of a retired farmer. We demand that the interests be redeemed.***
>
> By prior correspondence, we have asked that the corporation address our concerns with us and discuss the issues, but we have had no response to those inquiries. Thus, we assume that the officers and directors intend to ignore us. We consider that bad faith.

(Affidavit of Robert Chaney ("Chaney Aff."), Dkt. No. 144, Exhibit I). Based on this letter – as well as prior correspondence between the parties – Admiral contends that any claim based on the Co-op's refusal to redeem plaintiffs' patronage interests, while made during the term of the 2006-2007 Policy, was not reported during the policy term or the sixty-day extended reporting period. (Chaney Aff., Exhibits A - H).

The court agrees with Admiral. The July 25th letter is a "claim" within the meaning of the policy. The "Wrongful Act(s)" asserted in that claim were the actions of the Co-op and its officers and directors in refusing to redeem plaintiffs' patronage

-6-

interests.  This letter specifically refers to the duties of the
Co-op *and* its officers and directors.  Accordingly, any claim based
on this redemption dispute were first made during the policy term
of the 2006-2007 Policy.  It is undisputed that the July 25th letter
was not reported within the term of the policy or the 60-day
extended reporting period.  As a result, plaintiffs cannot, as a
matter of law, pursue a direct action against Admiral for a claim
that is based on the wrongful acts set forth in the July 25th
letter.

Plaintiffs first contend that the July 25th letter did not
trigger any reporting requirements because the letter was directed
to the Co-op and not the D&O Defendants.  This argument fails for
at least two reasons.  First, while the July 25th letter was
directed to counsel for the Co-op and specifically refers to the
Co-op's refusal to redeem plaintiffs' patronage shares, the letter
also specifically references the duties of the Co-op's officers and
directors and questions whether their failure to act on the
plaintiffs' redemption request amounts to bad faith.  Accordingly,
this letter sets forth a claim not only against the Co-op, but also
a claim against the Co-op's officers and directors. Second, the D&O
Defendants cannot avoid the policy's reporting requirement based on
the fact that the July 25th letter was sent to counsel for the Co-
op and not the individual D&O Defendants.  The 2006-2007 Policy

-7-

specifically states that a claim "shall be deemed to have been first made at the time and notice of the claim is first received by **any** Insured." (Chonarzewski Aff., Exhibit C at ¶ III(A)). Given this provision, the policy does not require that the first notice of the claim be directed to all of the insureds against whom the claim is made. Notice to one insured suffices to trigger the reporting requirement. The summary judgment record establishes that notice of the claim was provided to the Co-op, and that the Co-op was an "Insured" under the 2006-2007 Policy. Accordingly, this claim was first made when the July 25th letter was received by counsel for the Co-op, and receipt of this letter during the policy term triggered the reporting requirement as to the other insureds.

Plaintiffs also contend that Admiral must show that it suffered prejudice from the failure to report in order to avoid a claim under the Louisiana Direct Action Statute. This argument is foreclosed by the Fifth Circuit's decision in <u>First American Title Insurance Co</u>., 709 F.3d at 1173-76, which holds that the insurer need not show prejudice to enforce the reporting requirements in a claims-made-and-reported policy. Relying on the Louisiana Supreme Court's decision in <u>Hood v. Cotter</u>, 5 So.3d 819 (La. 2008), the Fifth Circuit explained that Louisiana courts distinguish between the notice and reporting requirements for a claims-made-and-reported policy and an occurrence policy. <u>Id</u>. With respect to an occurrence policy, coverage is not triggered by notice. <u>Id</u>.

-8-

Rather, notice is intended to prevent prejudice to the insurer. Violation of a notice provision in an occurrence policy thus requires some showing of prejudice for the insurer to avoid coverage. Id. In contrast, the reporting requirement of a claims-made-and-reported policy defines the scope of the policy's coverage and is strictly construed. Id. In light of First American Title, Admiral need not show that it was prejudiced by the failure to report.

In sum, plaintiffs cannot maintain a claim against Admiral under the Louisiana Direct Action Statute that is based on the Co-op's refusal to redeem plaintiffs' patronage interests as outlined in the July 25, 2007 letter. The Third Amended Complaint, however, also includes allegations of self-dealing and other breaches of fiduciary duty by the D&O Defendants independent of the redemption dispute. Moreover, the complaint asserts alter ego claims against the D&O Defendants. These claims are not subject to the reporting requirements of the 2006-2007 Policy.

Accordingly, the court **GRANTS** partial summary judgment only with respect to the claims against the D&O Defendants that pertain to the parties' redemption dispute. In all other respects, Admiral's motion is **DENIED**. Counsel for Admiral shall file an order that reflects the court's ruling herein within thirty (30) days.

###